UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JAMES F. CRAWFORD #173114,
LOUIS JAMES MORGAN #141026,
AL JUNIOR LEWIS #150295,
CARLOS CRAIG #145632,
LARRY COOLEY #13342,
ROBERT RICHARDSON #123299,
LEWIS HART #230290, and
WALTER CUMMINGS #417330 et al.,

                       Plaintiffs,               Case No. 1:12-cv-409

v.                                         Honorable Janet T. Neff

PRISON HEALTH SERVICES et al.,

                       Defendants.
_____/

## AMENDED OPINION GRANTING PAUPER STATUS

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 by twelve Plaintiffs who are incarcerated at the Lakeland Correctional Facility. All but two Plaintiffs have sought leave to proceed *in forma pauperis* in compliance with 28 U.S.C. 1915(a). The Court hereby grants the motions of eight Plaintiffs: Crawford, Morgan, Lewis, Craig, Cooley, Richardson, Hart and Cummings.[1] The Court must nevertheless require payment of the entire filing fee in installments, in accordance with the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 28 U.S.C. § 1915(b)(1); *see McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997); *Hampton v. Hobbs*, 106 F.3d 1281 (6th Cir. 1997). The current fee for a civil action is $350.00. Because there are

---

[1]The Court will address the remaining Plaintiffs' responsibility for the filing fee by way of separate orders.

multiple Plaintiffs, each Plaintiff is proportionately liable for any fees or costs.  *See Talley-Bey v. Knebl*, 168 F.3d 884, 887 (6th Cir. 1999); *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1137 (6th Cir. 1997).  Thus, each Plaintiff is liable for $29.17.  Any subsequent dismissal of a Plaintiff's case, even if voluntary, does not negate that Plaintiff's responsibility to pay the fee.  *McGore*, 114 F.3d at 607.

## Discussion

### I.    James Crawford

Normally, a plaintiff must a pay a portion of the civil action filing fee as an initial partial filing fee. The initial partial filing fee is 20 percent of the greater of (a) the average monthly deposits to the prisoner's account; or (b) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint.  28 U.S.C. § 1915(b)(1). According to the certified copy of Plaintiff Crawford's prison trust account statement, Plaintiff had an average monthly deposit of $18.57 over the past six months.  Twenty percent of Plaintiff's average monthly deposits is $3.71.  However, according to the certified copy of Plaintiff's prison trust account statement, Plaintiff was without sufficient financial resources to pay the initial partial filing fee at the time the complaint was filed.  Therefore, pursuant to 28 U.S.C. § 1915(b)(4), Plaintiff Crawford must be allowed to bring this case without payment of the initial partial filing fee. *McGore*, 114 F.3d at 606.

However, although § 1915(b)(4) permits Plaintiff to avoid the payment of an initial partial filing fee at this time, the court is still required to impose an initial partial filing fee of $3.71 and, when funds become available, Plaintiff must pay this fee.  *McGore*, 114 F.3d at 606.

> Even if the account balance is under ten dollars, prison officials must still forward payments to the district court to pay the initial partial filing fee.  The ten-dollar rule of § 1915(b)(2) is applicable to fees

and costs due only after the initial partial filing fee is paid.  Once the initial partial filing fee is paid in full, the ten-dollar and twenty-percent requirements of § 1915(b)(2) become applicable.

*Id.*

After Plaintiff has paid the initial partial filing fee of $3.71, Plaintiff Crawford must also pay his remaining portion of the filing fee, or $25.46, through monthly payments of 20 percent of the preceding month's income credited to Plaintiff's prison trust fund account.  28 U.S.C. § 1915(b)(2).  These payments will be forwarded by the agency having custody of the prisoner to the Clerk of this Court each time the amount in Plaintiff's trust account exceeds $10.00, until his portion of the filing fee is paid in full.  28 U.S.C. § 1915(b)(2); *McGore*, 114 F.3d at 607; *Hampton*, 106 F.3d at 1284.  The check or money order shall be payable to "Clerk, U.S. District Court" and must indicate the case number in which the payment is made.  If the amount in Plaintiff's account is $10.00 or less, no payment is required for that month.  *Hampton*, 106 F.3d at 1284-1285.

The Court shall review the case pursuant to 28 U.S.C. §§ 1915(e), 1915A and/or 42 U.S.C. § 1997e(c)(1), as appropriate.  After the Court reviews the case, the court will determine whether dismissal or service of process is appropriate, and will fashion an order accordingly.  Should the case be dismissed, voluntarily by Plaintiff or by the Court, Plaintiff shall remain responsible for the filing fee.  *McGore*, 114 F.3d at 607.  Any pleadings herein served by the United States Marshal shall be at the expense of the United States government.  All costs shall be reimbursed to the United States should Plaintiff prevail.

Once service of process has been ordered, the Plaintiff shall serve upon defendant(s), or if an appearance has been entered by an attorney, upon the attorney, a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with

the original paper to be filed with the Clerk of the Court a certificate stating the date a true and correct copy of any document was mailed to defendant(s) or the attorney.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

II.    Louis James Morgan

As discussed above, Plaintiff Morgan must pay a portion of the $29.17 fee as an initial partial filing fee.  The initial partial filing fee is 20 percent of the greater of (a) the average monthly deposits to the prisoner's account; or (b) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint.  28 U.S.C. § 1915(b)(1).  According to the certified copy of Plaintiff's prison trust account statement, Plaintiff had an average monthly deposit of $29.61 over the past six months.  Twenty percent of the Plaintiff's average monthly deposits is $5.92.  Plaintiff shall remit $5.92 within 30 days of the date of this order to the address listed at the end of this order.  The check or other form of payment shall be payable to "Clerk, U.S. District Court" and must indicate the case number in which the payment is made.

After Plaintiff has paid the initial partial filing fee of $5.92, Plaintiff must also pay his remaining portion of the filing fee, or $23.25, through monthly payments of 20 percent of the preceding month's income credited to Plaintiff's prison trust fund account.  28 U.S.C. § 1915(b)(2).  These payments will be forwarded by the agency having custody of the prisoner to the Clerk of this Court each time the amount in Plaintiff's trust account exceeds $10.00, until his portion of the filing fee is paid in full.  28 U.S.C. § 1915(b)(2); *McGore*, 114 F.3d at 607; *Hampton*, 106 F.3d at 1284. The check or money order shall be payable to "Clerk, U.S. District Court" and must indicate the case

number in which the payment is made.  If the amount in Plaintiff's account is $10.00 or less, no payment is required for that month.  *Hampton*, 106 F.3d at 1284-1285.

After Plaintiff has paid the initial partial filing fee, and before the case has been served, the Court shall review the case pursuant to 28 U.S.C. §§ 1915(e), 1915A and/or 42 U.S.C. § 1997e(c)(1), as appropriate.   After the Court reviews the case, the Court will determine whether dismissal or service of process is appropriate, and will fashion an order accordingly.  Should the case be dismissed, voluntarily by Plaintiff or by the Court, Plaintiff shall remain responsible for the filing fee.  *McGore*, 114 F.3d at 607.  Any pleadings herein served by the United States Marshal shall be at the expense of the United States government.  All costs shall be reimbursed to the United States should Plaintiff prevail.

Once service of process has been ordered, the Plaintiff shall serve upon defendant(s), or if an appearance has been entered by an attorney, upon the attorney, a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date a true and correct copy of any document was mailed to defendant(s) or the attorney.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

III.   Al Junior Lewis

Plaintiff Lewis also must pay a portion of the $29.17 fee as an initial partial filing fee. The initial partial filing fee is 20 percent of the greater of (a) the average monthly deposits to the prisoner's account; or (b) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). According to the certified copy of Plaintiff's prison trust account statement, Plaintiff had an average monthly deposit

of $30.42 over the past six months.  Twenty percent of Plaintiff's average monthly deposits is $6.08.

Plaintiff shall remit $6.08 within 30 days of the date of this order to the address listed at the end of

this order.  The check or other form of payment shall be payable to "Clerk, U.S. District Court" and

must indicate the case number in which the payment is made.

After Plaintiff has paid the initial partial filing fee of $6.08, Plaintiff must also pay

his remaining portion of the filing fee, or $23.09, through monthly payments of 20 percent of the

preceding month's income credited to Plaintiff's prison trust fund account.  28 U.S.C. § 1915(b)(2).

These payments will be forwarded by the agency having custody of the prisoner to the Clerk of this

Court each time the amount in Plaintiff's trust account exceeds $10.00, until his portion of the filing

fee is paid in full.  28 U.S.C. § 1915(b)(2); *McGore*, 114 F.3d at 607; *Hampton*, 106 F.3d at 1284.

The check or money order shall be payable to "Clerk, U.S. District Court" and must indicate the case

number in which the payment is made.  If the amount in Plaintiff's account is $10.00 or less, no

payment is required for that month.  *Hampton*, 106 F.3d at 1284-1285.

After Plaintiff has paid the initial partial filing fee, and before the case has been

served, the Court shall review the case pursuant to 28 U.S.C. §§ 1915(e), 1915A and/or 42 U.S.C.

§ 1997e(c)(1), as appropriate.   After the Court reviews the case, the Court will determine whether

dismissal or service of process is appropriate, and will fashion an order accordingly.  Should the case

be dismissed, voluntarily by Plaintiff or by the Court, Plaintiff shall remain responsible for the filing

fee.  *McGore*, 114 F.3d at 607.  Any pleadings herein served by the United States Marshal shall be

at the expense of the United States government.  All costs shall be reimbursed to the United States

should Plaintiff prevail.

Once service of process has been ordered, the Plaintiff shall serve upon defendant(s), or if an appearance has been entered by an attorney, upon the attorney, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date a true and correct copy of any document was mailed to defendant(s) or the attorney. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

IV.     Carlos Craig

Plaintiff Craig must pay a portion of the $29.17 fee as an initial partial filing fee. The initial partial filing fee is 20 percent of the greater of (a) the average monthly deposits to the prisoner's account; or (b) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). According to the certified copy of Plaintiff's prison trust account statement, Plaintiff had an average monthly deposit of $54.49 over the past six months. Twenty percent of Plaintiff's average monthly deposits is $10.90. Plaintiff shall remit $10.90 within 30 days of the date of this order to the address listed at the end of this order. The check or other form of payment shall be payable to "Clerk, U.S. District Court" and must indicate the case number in which the payment is made.

After Plaintiff has paid the initial partial filing fee of $10.90, Plaintiff must also pay his remaining portion of the filing fee, or $18.27, through monthly payments of 20 percent of the preceding month's income credited to Plaintiff's prison trust fund account. 28 U.S.C. § 1915(b)(2). These payments will be forwarded by the agency having custody of the prisoner to the Clerk of this Court each time the amount in Plaintiff's trust account exceeds $10.00, until his portion of the filing

fee is paid in full.  28 U.S.C. § 1915(b)(2); *McGore*, 114 F.3d at 607; *Hampton*, 106 F.3d at 1284.

The check or money order shall be payable to "Clerk, U.S. District Court" and must indicate the case

number in which the payment is made.  If the amount in Plaintiff's account is $10.00 or less, no

payment is required for that month.  *Hampton*, 106 F.3d at 1284-1285.

        After Plaintiff has paid the initial partial filing fee, and before the case has been

served, the Court shall review the case pursuant to 28 U.S.C. §§ 1915(e), 1915A and/or 42 U.S.C.

§ 1997e(c)(1), as appropriate.   After the Court reviews the case, the Court will determine whether

dismissal or service of process is appropriate, and will fashion an order accordingly.  Should the case

be dismissed, voluntarily by Plaintiff or by the Court, Plaintiff shall remain responsible for the filing

fee.  *McGore*, 114 F.3d at 607.  Any pleadings herein served by the United States Marshal shall be

at the expense of the United States government.  All costs shall be reimbursed to the United States

should Plaintiff prevail.

        Once service of process has been ordered, the Plaintiff shall serve upon defendant(s),

or if an appearance has been entered by an attorney, upon the attorney, a copy of every further

pleading or other document submitted for consideration by the Court.  Plaintiff shall include with

the original paper to be filed with the Clerk of the Court a certificate stating the date a true and

correct copy of any document was mailed to defendant(s) or the attorney.  Any paper received by a

district judge or magistrate judge which has not been filed with the Clerk or which fails to include

a certificate of service will be disregarded by the Court.

      V.    <u>Larry Cooley</u>

        Plaintiff Cooley must pay a portion of the $29.17 fee as an initial partial filing fee.

The initial partial filing fee is 20 percent of the greater of (a) the average monthly deposits to the

-8-

prisoner's account; or (b) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). According to the certified copy of Plaintiff's prison trust account statement, Plaintiff had an average monthly deposit of $40.70 over the past six months. Twenty percent of the Plaintiff's average monthly deposits is $8.14. Plaintiff shall remit $8.14 within 30 days of the date of this order to the address listed at the end of this order. The check or other form of payment shall be payable to "Clerk, U.S. District Court" and must indicate the case number in which the payment is made.

After Plaintiff has paid the initial partial filing fee of $8.14, Plaintiff must also pay his remaining portion of the filing fee, or $21.03, through monthly payments of 20 percent of the preceding month's income credited to Plaintiff's prison trust fund account. 28 U.S.C. § 1915(b)(2). These payments will be forwarded by the agency having custody of the prisoner to the Clerk of this Court each time the amount in Plaintiff's trust account exceeds $10.00, until his portion of the filing fee is paid in full. 28 U.S.C. § 1915(b)(2); *McGore*, 114 F.3d at 607; *Hampton*, 106 F.3d at 1284. The check or money order shall be payable to "Clerk, U.S. District Court" and must indicate the case number in which the payment is made. If the amount in Plaintiff's account is $10.00 or less, no payment is required for that month. *Hampton*, 106 F.3d at 1284-1285.

After Plaintiff has paid the initial partial filing fee, and before the case has been served, the Court shall review the case pursuant to 28 U.S.C. §§ 1915(e), 1915A and/or 42 U.S.C. § 1997e(c)(1), as appropriate. After the Court reviews the case, the Court will determine whether dismissal or service of process is appropriate, and will fashion an order accordingly. Should the case be dismissed, voluntarily by Plaintiff or by the Court, Plaintiff shall remain responsible for the filing fee. *McGore*, 114 F.3d at 607. Any pleadings herein served by the United States Marshal shall be

at the expense of the United States government. All costs shall be reimbursed to the United States should Plaintiff prevail.

Once service of process has been ordered, the Plaintiff shall serve upon defendant(s), or if an appearance has been entered by an attorney, upon the attorney, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date a true and correct copy of any document was mailed to defendant(s) or the attorney. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

VI.    Robert Richardson

Plaintiff Richardson must pay a portion of the $29.17 fee as an initial partial filing fee. The initial partial filing fee is 20 percent of the greater of (a) the average monthly deposits to the prisoner's account; or (b) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). According to the certified copy of Plaintiff's prison trust account statement, Plaintiff had an average monthly deposit of $60.54 over the past six months. Twenty percent of the Plaintiff's average monthly deposits is $12.11. Plaintiff shall remit $12.11 within 30 days of the date of this order to the address listed at the end of this order. The check or other form of payment shall be payable to "Clerk, U.S. District Court" and must indicate the case number in which the payment is made.

After Plaintiff has paid the initial partial filing fee of $12.11, Plaintiff must also pay his remaining portion of the filing fee, or $17.06, through monthly payments of 20 percent of the preceding month's income credited to Plaintiff's prison trust fund account. 28 U.S.C. § 1915(b)(2).

These payments will be forwarded by the agency having custody of the prisoner to the Clerk of this Court each time the amount in Plaintiff's trust account exceeds $10.00, until his portion of the filing fee is paid in full.  28 U.S.C. § 1915(b)(2); *McGore*, 114 F.3d at 607; *Hampton*, 106 F.3d at 1284. The check or money order shall be payable to "Clerk, U.S. District Court" and must indicate the case number in which the payment is made.  If the amount in Plaintiff's account is $10.00 or less, no payment is required for that month.  *Hampton*, 106 F.3d at 1284-1285.

After Plaintiff has paid the initial partial filing fee, and before the case has been served, the Court shall review the case pursuant to 28 U.S.C. §§ 1915(e), 1915A and/or 42 U.S.C. § 1997e(c)(1), as appropriate.   After the Court reviews the case, the Court will determine whether dismissal or service of process is appropriate, and will fashion an order accordingly.  Should the case be dismissed, voluntarily by Plaintiff or by the Court, Plaintiff shall remain responsible for the filing fee.  *McGore*, 114 F.3d at 607.  Any pleadings herein served by the United States Marshal shall be at the expense of the United States government.  All costs shall be reimbursed to the United States should Plaintiff prevail.

Once service of process has been ordered, the Plaintiff shall serve upon defendant(s), or if an appearance has been entered by an attorney, upon the attorney, a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date a true and correct copy of any document was mailed to defendant(s) or the attorney.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

VII.   Lewis Hart

Plaintiff Hart must pay a portion of the $29.17 fee as an initial partial filing fee.  The initial partial filing fee is 20 percent of the greater of (a) the average monthly deposits to the prisoner's account; or (b) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint.  28 U.S.C. § 1915(b)(1).  According to the certified copy of Plaintiff's prison trust account statement, Plaintiff had an average monthly deposit of $87.29 over the past six months.  Twenty percent of the Plaintiff's average monthly deposits is $17.46.  Plaintiff shall remit $17.46 within 30 days of the date of this order to the address listed at the end of this order.  The check or other form of payment shall be payable to "Clerk, U.S. District Court" and must indicate the case number in which the payment is made.

After Plaintiff has paid the initial partial filing fee of $17.46, Plaintiff must also pay his remaining portion of the filing fee, or $11.71, through monthly payments of 20 percent of the preceding month's income credited to Plaintiff's prison trust fund account.  28 U.S.C. § 1915(b)(2).  These payments will be forwarded by the agency having custody of the prisoner to the Clerk of this Court each time the amount in Plaintiff's trust account exceeds $10.00, until his portion of the filing fee is paid in full.  28 U.S.C. § 1915(b)(2); *McGore*, 114 F.3d at 607; *Hampton*, 106 F.3d at 1284.  The check or money order shall be payable to "Clerk, U.S. District Court" and must indicate the case number in which the payment is made.  If the amount in Plaintiff's account is $10.00 or less, no payment is required for that month.  *Hampton*, 106 F.3d at 1284-1285.

After Plaintiff has paid the initial partial filing fee, and before the case has been served, the Court shall review the case pursuant to 28 U.S.C. §§ 1915(e), 1915A and/or 42 U.S.C. § 1997e(c)(1), as appropriate.  After the Court reviews the case, the Court will determine whether

-12-

dismissal or service of process is appropriate, and will fashion an order accordingly.  Should the case be dismissed, voluntarily by Plaintiff or by the Court, Plaintiff shall remain responsible for the filing fee.  *McGore*, 114 F.3d at 607.  Any pleadings herein served by the United States Marshal shall be at the expense of the United States government.  All costs shall be reimbursed to the United States should Plaintiff prevail.

Once service of process has been ordered, the Plaintiff shall serve upon defendant(s), or if an appearance has been entered by an attorney, upon the attorney, a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date a true and correct copy of any document was mailed to defendant(s) or the attorney.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

VIII.   <u>Walter Cummings</u>

As with the other Plaintiffs, Plaintiff Cummings ordinarily would be required to pay a portion of the $29.17 fee as an initial partial filing fee.  However, according to the certified copy of Plaintiff Cummings' prison trust account statement, Plaintiff had no funds in his account during six-month period immediately preceding the filing of the complaint.  In addition, Plaintiff's affidavit indicates that he has no assets.  Therefore, the Court will not require plaintiff to pay an initial partial filing fee.  *McGore*, 114 F.3d at 606 (citing 28 U.S.C. § 1915(b)(1)).

Nevertheless, Plaintiff is not relieved from paying his $29.17 portion of the filing fee when funds become available.  *McGore*, 114 F.3d at 606.  Plaintiff must pay the $29.17 filing fee through monthly payments of 20 percent of the preceding month's income credited to plaintiff's

prison trust fund account. 28 U.S.C. § 1915(b)(2); *McGore*, 114 F.3d at 606. These payments will be forwarded by the agency having custody of the prisoner to the Clerk of this Court each time the amount in plaintiff's trust account exceeds $10.00, until the filing fee of $350.00 is paid in full. 28 U.S.C. § 1915(b)(2); *McGore*, 114 F.3d at 607; *Hampton*, 106 F.3d at 1284. The check or money order shall be payable to "Clerk, U.S. District Court" and must indicate the case number in which the payment is made. If the amount in plaintiff's account is $10.00 or less, no payment is required for that month. *Hampton*, 106 F.3d at 1284-1285. The initial partial filing fee is 20 percent of the greater of (a) the average monthly deposits to the prisoner's account; or (b) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1).

## Conclusion

For the foregoing reasons, the Court grants the motions to proceed *in forma pauperis* of Plaintiffs Crawford, Morgan, Lewis, Craig, Cooley, Richardson, Hart and Cummings and directs the payment of initial partial filing fees as set forth in this Opinion. Service of process will not be ordered unless and until plaintiffs have complied with the payment of the initial partial filing fee requirement of this order. An Order consistent with this Opinion shall issue.


Date: June 21, 2012                              /s/ Ellen S. Carmody
                                                 ELLEN S. CARMODY
                                                 United States Magistrate Judge

-14-