UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

JAMES F. CRAWFORD et al.,

        Plaintiffs,                Case No. 1:12-cv-409

v.                                        Honorable Janet T. Neff

PRISON HEALTH SERVICES et al.,

        Defendants.

_____/

**OPINION**

This is a civil rights action brought by twelve state prisoners pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court will dismiss all of the Plaintiffs, except for James Crawford. Plaintiff Crawford will be required to file an amended complaint on the form provided by the Court within twenty-eight days. The Court also will deny as moot Plaintiffs' motion for leave to file a supplemental verified complaint (docket #32), motion to expedite service of verified complaint/supplemental verified complaint (docket #35) and motion to compel a decision on Plaintiffs' pending motions (docket #40).

**Discussion**

    I.    **Misjoinder of Parties**

Federal Rule of Civil Procedure 20(a)(1) allows the permissive joinder of plaintiffs in a single action, if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action. FED. R. CIV. P. 20(a)(1). Likewise, defendants may be joined into a single action if: (A) any right to relief is

asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.  Fed.R.Civ.P. 20(a)(2).  Thus, when joining either multiple plaintiffs or multiple defendants in a single action, the two-part test of either Rule 20(a)(1) or 20(a) (2) must be met.

In considering whether joinder should be permitted, the Court is mindful that "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).  This impulse, however, does not provide a plaintiff or plaintiffs free license to join multiple defendants into a single lawsuit where the claims against the defendants are unrelated.  *See, e.g., Pruden v. SCI Camp Hill*, 252 F. App'x 436, 437 (3d Cir. 2007) (per curiam); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997).  Nor can multiple plaintiffs pass the two-part test of Rule 20(a)(1) where each plaintiff provides a different factual background giving rise to their "mutual" cause of action. *Coughlin*, 130 F.3d at 1350; *Abdelkarim v. Gonzales*, No. 06-14436, 2007 WL 1284924, at *4-5 (E.D. Mich. Apr. 30, 2007).  The limitations of joining multiple plaintiffs and defendants in a single lawsuit are often compounded where the plaintiffs are prisoners.  *Boretsky v. Corzine*, No. 08-2265, 2008 WL 2512916, at *5 (D. N.J. Jun. 23, 2008) ("Among the difficulties . . . are the need for each plaintiff to sign every pleading, and the consequent possibilities that documents may be changed as they are circulated, or that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation.  These courts also have noted that jail populations are notably transitory, making joint litigation difficult.") (collecting cases).

Furthermore, prisoners may use misjoinder as a means of circumventing the filing fee provisions of the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, which require a prisoner to pay the full $350.00 filing fee in installments. *See* 28 U.S.C. § 1915(b)(1); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997); *Hampton v. Hobbs*, 106 F.3d 1281 (6th Cir. 1997). When a case is filed by more than one prisoner, the Plaintiffs share the fees and costs proportionately. *See Talley-Bey v. Knebl*, 168 F.3d 884, 887 (6th Cir. 1999); *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1137 (6th Cir. 1997). Thus, multiple prisoners may file a single complaint with unrelated claims in an attempt to pay a reduced fee. Likewise, a prisoner who is barred from proceeding *in forma pauperis* under the three strikes provision set forth in § 1915(g), may file a complaint with other improperly joined prisoner plaintiffs in order to reduce his portion of the filing fee to an amount he can afford to pay, thereby frustrating the intent of the statute to curb abusive prisoner litigation.[1]

Here, the multitude of both Plaintiffs and Defendants cautions against permitting the joinder of parties under Federal Rule of Civil Procedure 20(a). There are twelve Plaintiffs asserting claims against sixteen named Defendants. In the complaint, each of the Plaintiffs sets forth a separate set of factual allegations claiming a failure to provide adequate medical treatment. Plaintiffs do not suffer from a common ailment; rather, each Plaintiff suffers from a unique medical condition(s). For example, Plaintiff Lewis suffers from a variety of ailments, including high blood pressure, a "[b]leeding [c]ondition of the [n]ose" and Peripheral Artery Disease (PAD), Plaintiff

---

[1] In this case, Plaintiff Berryman was denied leave to proceed *in forma pauperis* because he has three strikes. *See* Op. & Ord. Denying Leave to Proceed *In Forma Pauperis* (W.D. Mich. June 21, 2012). If Plaintiff Berryman had filed his own action, he would have been required to pay the full $350.00 filing fee in order to proceed with his case. However, because Plaintiff Berryman filed this action with eleven other prisoners, he was required to pay only one-twelfth of the filing fee, or $29.17.

Huff is a wheelchair-bound, chronic-care patient who suffers from eye and ear infections and diabetes, and Plaintiff Talison suffers from Hepatitis-C and paralysis on the left side of his body, such that he is confined to a wheelchair. (Compl., docket #1, Page ID##6-13.) While all of the Plaintiffs raise medical claims, each Plaintiff has a different set of facts and circumstances surrounding his claim(s). Plaintiffs' claims do not arise under the same transaction or occurrence, are not asserted against all Defendants jointly and severally, and do not involve any common question of law or fact. Because Plaintiffs' claims do not meet the two-part test of Rule 20(a)(1), they are improperly joined.

## II. **Remedy for Misjoinder of Parties**

Under FED. R. CIV. P. 21, "[m]isjoinder of parties is not a ground for dismissing an action." Instead, Rule 21 provides two remedial options: (1) misjoined parties may be dropped on such terms as are just; or (2) any claims against misjoined parties may be severed and proceeded with separately. *See DirecTV, Inc. v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006), *Carney v. Treadeau*, No. 07-CV-83, 2008 WL 485204, at *2 (W.D. Mich. Feb. 19, 2008), *Coal. to Defend Affirmative Action v. Regents of Univ. of Mich.*, 539 F. Supp.2d 924, 940 (E.D. Mich. 2008); *see also Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 682 (6th Cir. 1988) ("Parties may be dropped . . . by order of the court . . . of its own initiative at any stage of the action and on such terms as are just."). "Because a district court's decision to remedy misjoinder by dropping and dismissing a party, rather than severing the relevant claim, may have important and potentially adverse statute-of-limitations consequences, the discretion delegated to the trial judge to dismiss under Rule 21 is restricted to what is 'just.'" *DirecTV*, 467 F.3d at 845.

At least three judicial circuits have interpreted "on such terms as are just" to mean without "gratuitous harm to the parties." *Strandlund v. Hawley*, 532 F.3d 741, 745 (8th Cir. 2008) (quoting *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000)); *see also DirecTV, Inc.*, 467 F.3d at 845. Such gratuitous harm exists if the dismissed parties lose the ability to prosecute an otherwise timely claim, such as where the applicable statute of limitations has lapsed, or the dismissal is with prejudice. *Strandlund*, 532 F.3d at 746; *DirecTV*, 467 F.3d at 846-47; *Michaels Building Co.*, 848 F.2d at 682.

In this case, Plaintiffs bring causes of action under 42 U.S.C. § 1983. For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years. *See* MICH. COMP. LAWS § 600.5805(10); *Carroll v. Wilkerson*, 782 F.2d 44 (6th Cir. 1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999). To the extent Plaintiffs provide dates for their claims, their causes of action accrued less than three years ago. Furthermore, "Michigan law provides for tolling of the limitations period while an earlier action was pending which was later dismissed without prejudice." *Kalasho v. City of Eastpointe*, 66 F. App'x 610, 611 (6th Cir. 2003). Because the Court will dismiss Plaintiffs without prejudice under FED. R. CIV. P. 21, the time during which the current suit was pending will thus toll the statute of limitations. As Plaintiffs will not suffer gratuitous harm if this action is dismissed, the Court will exercise its discretion under Rule 21 and dismiss all Plaintiffs, except Plaintiff Crawford, without prejudice to the institution of new, separate lawsuits by the remaining Plaintiffs. *See Coughlin*, 130 F.3d at 1350 ("In such a case, the court can generally dismiss all but the first named plaintiff without prejudice to the institution of new, separate lawsuits by the dropped plaintiffs"); *Carney*, 2008 WL 485204, at *3 (same).

### III. **Plaintiff Crawford**

Plaintiff Crawford will be required to file an amended complaint on the form provided by the Court within twenty-eight days of this Opinion and Order. If Plaintiff wishes to proceed with his action, he must carefully fill out the form and submit it to the Court. The Court directs the Clerk to send to Plaintiff a copy of the form complaint under 42 U.S.C. § 1983 for a civil action by a person in state custody. The amended complaint will take the place of the original complaint, so it must include all of the Defendants that Plaintiff Crawford intends to sue and all of the claims that Plaintiff Crawford intends to raise. The case number shown above must appear on the front page of the amended complaint.

### IV. **Motions**

Currently pending before the Court are Plaintiffs' motion for leave to file a supplemental verified complaint (docket #32), motion to expedite service of verified complaint/supplemental verified complaint (docket #35) and motion to compel a decision on Plaintiffs' pending motions (docket #40). In light of the foregoing, Plaintiffs' motions will be denied as moot.

An Order consistent with this Opinion will be entered.


Dated: October 3, 2012                     /s/ Janet T. Neff
                                           Janet T. Neff
                                           United States District Judge