UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES CRAWFORD, et al.,

    Plaintiffs,                                    Hon. Janet T. Neff

v.                                                   Case No. 1:12-CV-409

PRISON HEALTH SERVICES, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Plaintiff's Motion for Transfer to a New Facility</u>. (Dkt. #81). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **denied**.

## BACKGROUND

Plaintiff James Crawford, along with eleven other inmates, initiated this action on April 25, 2012, against numerous defendants alleging various federal law violations. Plaintiff Crawford is the only remaining plaintiff, the other prisoners having been dismissed as improperly joined. Plaintiff asserts that he was recently transferred from the Lakeland Correctional Facility (LCF) to the Chippewa Correctional Facility (URF). Asserting that he was transferred in retaliation for filing grievances and lawsuits, Plaintiff Crawford now moves for entry of an order that he be transferred back to LCF.

Injunctive relief is "an extraordinary remedy which should be granted only if. . .the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). To obtain injunctive relief, Plaintiff must first show that he "is being threatened

by some injury for which he has no adequate legal remedy." *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001) (citations omitted). If such is the case, the court must then examine several factors: (1) whether the movant is likely to prevail on the merits, (2) whether the movant would suffer irreparable injury if the court does not grant the injunction, (3) whether a preliminary injunction would cause substantial harm to others, and (4) whether a preliminary injunction would be in the public interest. *See Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000).

Rather than prerequisites which must each be satisfied, the relevant factors, none of which are dispositive, are competing considerations to be weighed and balanced. *See Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 400 (6th Cir. 1997); *Michigan Bell Telephone Co. v. MFS Intelenet of Michigan, Inc.*, 16 F.Supp.2d 828, 831 (W.D.Mich. 1998). Ultimately, the decision whether to grant injunctive relief lies within the court's discretion. *See Dana Corp.*, 251 F.3d at 1118 (the "most significant single component" in the decision whether to grant injunctive relief "is the court's discretion") (citations omitted).

Plaintiff's request for injunctive relief fails for several reasons. Plaintiff may prefer to be incarcerated at LCF, but he possess no right to be housed in any particular correctional facility. *See, e.g., Williams v. Lindamood*, 2013 WL 1978464 at *4 (6th Cir., May 15, 2013). Moreover, while Plaintiff may believe that he was transferred for unlawful reasons, the transfer of a prisoner from one correctional facility to another generally fails to state a claim for unlawful retaliation. *See, e.g., Hix v. Tennessee Department of Corrections*, 196 Fed. Appx. 350, 358 (6th Cir., Aug. 22, 2006) (citing *Siggers-El v. Barlow*, 412 F.3d 693, 701-04 (6th Cir. 2005)). Even if such a transfer could form the basis of a valid retaliation claim, Plaintiff has submitted no evidence in support of the present motion

demonstrating that such a claim has any potential merit. The Court concludes, therefore, that the public interest would not be served by judicial interference in the day-to-day operations of a correctional facility in the absence of evidence supporting such. Accordingly, the undersigned recommends that Plaintiff's motion for injunctive relief be **denied**.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion for Transfer to a New Facility, (dkt. #81), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: June 28, 2013            /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge