UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES CRAWFORD, et al.,

    Plaintiffs,

v

PRISON HEALTH SERVICES, et al.,

    Defendants.
_____/

Case No. 1:12-cv-409

HON. JANET T. NEFF

## OPINION AND ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Defendants filed a motion for summary judgment (Dkt 75), arguing that Plaintiff failed to administratively exhaust his remedies. Defendants' motion was referred to the Magistrate Judge, who issued a Report and Recommendation (Dkt 84), recommending that this Court deny the motion. Plaintiff filed a Motion to Transfer to a New Facility (Dkt 81), which was also referred to the Magistrate Judge. The Magistrate Judge issued a Report and Recommendation (Dkt 83), recommending that this Court deny Plaintiff's motion. The matter is presently before the Court on Plaintiff's and Defendants' objections to the Reports and Recommendations. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Reports and Recommendations to which objections have been made. The Court denies the objections and issues this Opinion and Order.

## I. Defendants' Objections

Defendants moved for summary judgment against the remaining Plaintiff, James Crawford, arguing that Crawford failed to exhaust his administrative remedies by not completing the prison grievance process. The Magistrate Judge recommends that Defendants' motion be denied because Defendants, who have the burden of proof, failed to properly support their motion inasmuch as Defendants relied upon a single item of evidence in support of their motion, to wit: an unauthenticated and inconclusive grievance report (R&R, Dkt 84 at 6-7). Defendants contend that "the Report failed to consider Crawford's response [to the motion for summary judgment] in which [Crawford] acknowledged that he did not complete the grievance process until '10-10-12'" (Objs, Dkt 85 at 2 (quoting Pl. Resp., Dkt 80 at 2)). Defendants conclude that "whether or not Defendants' [grievance report] is admissible no longer became relevant in light [of] Crawford's admission that the grievance process wasn't completed to [sic] nearly six months after he initiated the suit" (*id.*).

Defendants' argument is without merit. Defendants, who did not file a reply to Plaintiff's response, urge this Court to rely upon Plaintiff's unsworn statement in his response to their motion for summary judgment. Such reliance would be misplaced, as unsworn statements do not meet the requirements of Federal Rule of Civil Procedure 56(c)(4), which requires, in pertinent part, that a "declaration used to support ... a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the ... declarant is competent to testify on the matters stated." FED. R. CIV. P. 56(c)(4). *See generally Worthy v. Michigan Bell Tel. Co.*, 472 F. App'x 342, 343-44 (6th Cir. 2012). In short, Defendants have not identified any error in the Magistrate Judge's determination that the grievance report did not properly support their motion, nor have Defendants demonstrated that reliance on Plaintiff's response properly supports their

motion such that a different result is warranted. Defendants' objection to the Report and Recommendation is therefore denied.

## II. Plaintiff's Objections

Plaintiff moved for an order requiring the Michigan Department of Corrections (MDOC) to transfer him back to the Lakeland Correctional Facility (Pl. Mot., Dkt 81). The Magistrate Judge concluded that Plaintiff did not demonstrate circumstances clearly demanding the extraordinary remedy of injunctive relief (R&R, Dkt 83 at 3).

In his objections, Plaintiff reiterates his belief that Defendants transferred him from the Lakeland Correctional Facility to the Chippewa Correctional Facility in order to gain a "tactical advantage" in this case, specifically, "to cut[] off all communication between the other eleven inmates and Plaintiff Crawford" (Objs., Dkt 87 at 2; Supp. to Objs., Dkt 91 at 2). However, Plaintiff's belief in the merits of his retaliation claim does not alone demonstrate any factual or legal error in the Magistrate Judge's determination that a transfer is not warranted. As the Magistrate Judge pointed out, "even if such a transfer [to the Chippewa Correctional Facility] could form the basis of a valid retaliation claim, Plaintiff has submitted no evidence in support of the present motion demonstrating that such a claim has any potential merit" (R&R, Dkt 83 at 3 (citing *Hix v. Tenn. Dept. of Corr.*, 196 F. App'x 350, 358 (6th Cir. 2006) (holding that the plaintiff-prisoner's allegations pertaining to his transfers failed to allege adverse action in support of a retaliation claim)). *See also Geiger v. Prison Realty Trust, Inc.*, 13 F. App'x 313, 315 (6th Cir. 2001) (holding that the plaintiff-prisoner failed to allege a First Amendment right of access to the courts claim because his allegation that his transfer prohibited him from prosecuting his pending litigation was "purely speculative" and failed to establish actual injury or prejudice to his litigation).

In further support of his objections to the Report and Recommendation, Plaintiff contends that his current placement at the Chippewa Correctional Facility is "rampant with gang violence and assaultive behavior making it much more likely Plaintiff Crawford could suffer some injury for which Plaintiff Crawford has no adeqaute [sic] legal remedy" (Objs., Dkt 87 at 3). However, the threat of injury Plaintiff describes is speculative and therefore also insufficient to support the grant of injunctive relief. The "key word" in determining the extent of an injury sufficient to support the award of injunctive relief is "irreparable." *Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th Cir. 1991) (quoting *Sampson v. Murray*, 415 U.S. 61, 90 (1974)). "[T]he harm alleged must be both certain and immediate, rather than speculative or theoretical." *Id.* Injunctive relief "will not be granted 'against something merely feared as liable to occur at some indefinite time in the future.'" *E. Greyhound Lines v. Fusco*, 310 F.2d 632, 634 (6th Cir. 1962) (quoting *Connecticut v. Massachusetts*, 282 U.S. 660, 674 (1931)). Moreover, when a prisoner seeks to enjoin state prison officials, the Court must proceed with deference to the unique and complex nature of the prison setting. *See Ward v. Dyke*, 58 F.3d 271, 273 (6th Cir. 1995); *Kendrick v. Bland*, 740 F.2d 432, 438 n.3 (6th Cir. 1984). For the reasons expressed in the Report and Recommendation, as well as those herein, Plaintiff has not made the showing required for the requested injunctive relief.

The Court adopts the Magistrate Judge's Reports and Recommendations as the Opinion of this Court. Further, because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that Plaintiff's appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007).

Therefore:

**IT IS HEREBY ORDERED** that Defendants' Objections (Dkt 85) are DENIED and the Report and Recommendation (Dkt 84) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (Dkt 75) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's Objections (Dkt 87) are DENIED and the Report and Recommendation (Dkt 83) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Transfer to a New Facility (Dkt 81) is DENIED.


Dated: December  4 , 2013     /s/ Janet T. Neff
JANET T. NEFF
United States District Judge